# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ROSS GROUP CONSTRUCTION CORPORATION, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No.: 4:22-cv-00168-GKF-CDL<br>) |
| LEIDOS ENGINEERING, LLC, BENHAM DESIGN, LLC and SNB MECHANICAL CONTRACTORS, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff, The Ross Group Construction Corporation ("Ross Group"), respectfully moves this Court for leave to file its First Amended Complaint, amending the Petition filed in state court on March 23, 2022 [Dkt. 2-1]. In support of this Motion for Leave, Ross Group shows the Court as follows:

### STATEMENT OF PERTINENT FACTS

1. In the Petition, Ross Group asserts five (5) claims: (1) a breach of contract claim against defendants Leidos Engineering, LLC ("Leidos") and Benham Design, LLC ("Benham"); (2) a breach of contract claim against defendant, SNB Mechanical Contractors, Inc. (SNB); (3) a professional negligence claim against Leidos and Benham; (4) a negligence claim against SNB; and (5) an implied indemnification claim against Leidos, Benham and SNB.

2. On April 20, 2022, Leidos filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) [Dkt. 15] ("Leidos' Motion"). Ross Group filed its response to Leidos' Motion on May 11, 2022 [Dkt. 29]. Leidos filed its Reply on May 25, 2022 [Dkt. 32].

3. On April 21, 2022, Benham filed its Answer [Dkt. 22].

4. On April 28, 2022, SNB filed a Motion to Dismiss and Brief in Support [Dkt. 27] ("SNB's Motion") (Leidos' Motion and SNB's Motion collectively referred to as the "Motions to Dismiss"). Ross Group filed its response to SNB's Motion on May 19, 2022 [Dkt. 31].

5. As of the date of this filing, no scheduling order has been entered in this case. Thus, no deadline has been set by the Court for Ross Group to amend its pleadings.

6. The parties have not yet conducted their Fed.R.Civ.P. 26(f) discovery conference. Thus, discovery is yet to begin in this case.

7. In accordance with LCvR 7-1(h), Plaintiff states that after conferring with defense counsel, defendants oppose this Motion for Leave and objects to the requested relief.

## GROUNDS FOR LEAVE TO AMEND

Federal courts are to grant leave to amend pleadings "freely . . . when justice so requires." Fed.R.Civ.P. 15(a)(2). "[T]his mandate is to be heeded." *Triplett v. LeFlore Cty., Okl.*, 712 F.2d 444, 446 (10th Cir. 1983) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Mako Res., L.L.C. v. Trinity Operating (USG), LLC*, No. 19-CV-461-GKF-JFJ, 2021 WL 6062875, at *2 (N.D. Okla. May 14, 2021) (unpublished) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). "Rule 15 was designed to facilitate the amendment of pleadings excepts where prejudice to the opposing party would result." *Id*. "Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their [response] to the amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotations and citations omitted).

As is more fully reflected in the proposed First Amended Complaint, attached hereto as <u>Exhibit A</u>, leave is being requested to cure any perceived pleading defects that were raised in the Motions to Dismiss. Upon review of the arguments raised in the Motions to Dismiss, including certain arguments raised only in Leidos' Motion, Ross Group appreciates that amending its complaint may be necessary to further clarify its claims and to ensure they are sufficiently pled.

As is expressly stated in Ross Group's responses to the Motions to Dismiss, leave is being sought to add a claim for contribution against all defendants. Such a claim will expressly seek to hold each party responsible for its pro rata share of liability. Ross Group also intends to re-plead its claim for implied indemnity by expressly stating that any fault for which it is responsible shall be carved out of the damage amount. Ross Group also intends to clarify that its claim for breach of contract against Leidos and Benham includes the breach of Section 11.3.4 of the Design Agreement, as defined in the pleadings, as well as include claims in its breach of contract for provisions of the prime contract that Defendants breached. Ross Group will clarify that Leidos was performing services under the Design Agreement until August 2020 in connection with the Project, as is also defined in the pleadings. Finally, Ross Group will remove the attached exhibit from its pleading. This document, the Affirmative Claim of the Government, was attached for the limited purpose of substantiating the assertion that the Government's claim against Ross Group arose from the negligence and fault of the defendants. The Motions to Dismiss rely almost entirely on extraneous information contained in this document, which was in no way adopted or incorporated in Ross Group's pleadings, to support their respective positions. The exhibit is not necessary to the pleadings, and is in no way fully adopted by Ross Group. Accordingly, Ross Group intends to remove the exhibit from its First Amended Complaint.

Because leave is being sought before any scheduling order has been entered in this case (thus, ahead of any deadline for seeking leave) and before any discovery has been conducted, Ross Group respectfully submits that the requested relief does not unfairly affect the defendants' ability to prepare their response to the proposed amendment. Thus, no prejudice can be shown by the defendants if the requested relief is granted. Ross Group respectfully requests that it be granted leave to amend its pleadings in this matter.

WHEREFORE, Plaintiff, The Ross Group Construction Corporation respectfully requests this Court enter the proposed order submitted herewith,[1] and thereby grants Ross Group leave to file its First Amended Complaint.

Respectfully submitted,

BARROW & GRIMM, P.C.

*s/ Timothy L. Rogers*
John E. Harper, OBA #
Timothy L. Rogers, OBA #22292
BARROW & GRIMM, P.C.
110 West 7th Street, Suite 900
Tulsa, Oklahoma  74119
(918) 584-1600 Telephone
(918) 585-2444 Facsimile
rogers@barrowgrimm.com

*Attorneys for Plaintiff*
*The Ross Group*

---

[1] In accordance with LCvR 7-1(h), a proposed order granting this Motion for Leave and setting forth the relief requested is attached and will be served on defense counsel prior to, or contemporaneously with, the filing of this Motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of June, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Michael Hassett

Ryan A. Ray
Norman Wohlgemuth, LLP
3200 Mid-Continent Tower
401 South Boston Ave.
Tulsa, OK 74103

Jonathan R. Wright
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place, Ste. 1000
McLean, Virginia 22102

Steven K. Metcalf
Metcalf & Spitler, LLP
20 East Fifth Street, Ste. 750
Tulsa, Oklahoma 74103

Jeffrey Kennard
Scharnhorst, Ast, Kennard & Griffin, P.C.
1100 Walnut, Ste. 1950
Kansas City, Missouri 64106

                                                              */s/Timothy L. Rogers*
                                                              Timothy L. Rogers

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE ROSS GROUP CONSTRUCTION CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> LEIDOS ENGINEERING, LLC, BENHAM DESIGN, LLC and SNB MECHANICAL CONTRACTORS, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 4:22-cv-00168-GKF-CDL <br> ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) |

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, The Ross Group Construction Corporation ("Ross Group"), and, for its causes of action against Leidos Engineering, LLC f/k/a SAIC Energy, Environment & Infrastructure, LLC, Benham Design, LLC d/b/a Benham, a Haskell Company, and SNB Mechanical Contractors, Inc., in this First Amended Complaint, states as follows:

**PARTIES**

1.  The Ross Group Construction Corporation ("Ross Group") is an Oklahoma corporation with its principal place of business located in Tulsa, Oklahoma.

2.  Leidos Engineering, LLC f/k/a SAIC Energy, Environment & Infrastructure, LLC ("Leidos") is a Delaware limited liability company.

3.  Benham Design, LLC d/b/a Benham, a Haskell Company ("Benham") is a Delaware limited liability company.

4.  SNB Mechanical Contractors, Inc. ("SNB'") is a Texas corporation.



## JURISDICTION & VENUE

5. Jurisdiction is proper pursuant to 12 O.S. 2021, § 2004(F) and by virtue of the choice of law and forum selection clause in the respective agreements.

6. Venue is proper in Tulsa County pursuant to 12 O.S. 2021, §§ 137, 142 and 143 and the forum selection clause in the respective agreements.

## FACTUAL BACKGROUND

7. On September 28, 2009, Ross Group was awarded a firm fixed price Indefinite Delivery Indefinite Quantity Multiple Award Task Order Contract ("MATOC") by the United States Army Corps of Engineers, Fort Worth District (hereinafter the "Government" or "Owner").

8. Thereafter, on September 6, 2011, the Government issued a Request for Proposals for the design and build of Phase I DHS/ICE Administration Facility, El Paso, Texas (ELPASO-11-R-0001) (the "Project").

9. On September 29, 2011, a Task Order was awarded to Ross Group for the design-build of the Project in the amount of $15,760,900.00 ("Task Order"). The MATOC, Task Order and all documents incorporated or referenced therein, are collectively the Contract Documents.

10. On October 14, 2011, Ross Group and SAIC Energy, Environment & Infrastructure, LLC ("SAIC") executed a Standard Form of Agreement Between Design-Builder and Designer ("Design Agreement") for the design of the Project.

11. Under the Design Agreement, SAIC agreed to perform the complete design of the Project ("Design Services").

12. Under the Design Agreement, SAIC agreed that it would provide the Design Services required by the Contract Documents and all applicable Legal Requirements, as defined in the Design Agreement. Further, SAIC agreed that it would perform the Design Services in the

2

"care and skill ordinarily used by members of the design profession practicing under similar conditions at the same time and locality of the Project." Notwithstanding the aforementioned standard of care, SAIC agreed that all Design Services would be performed to achieve the performance standards in the Contract Documents. SAIC was also bound thereunder to indemnify, defend, and hold harmless Ross Group and Owner from damages resulting from bodily injury, sickness or death and property damage or destruction.

13. The Design Agreement further provided for relief in instances where a claim was made by the Owner:

> If Owner contends that the Contract Documents have been breached, or otherwise asserts a claim or set-off against Design-Builder, the party determined to be responsible for the breach either by settlement or by the trier of fact shall be responsible for all costs occasioned by the breach, including counsel and litigation costs. If the trier of fact fails to determine the relative degrees of fault of Design-Builder and Designer in connection with any claim by Owner, then Design-Builder and Designer agree that the allocation of fault shall be determined pursuant to Section 11.4.

14. Pursuant to the Design Agreement, SAIC agreed to be bound to the Ross Group to the same extent Ross Group was bound to the Owner under the Contract Documents. Also, under the Design Agreement, if the Owner contends that the Contract Documents have been breached, or otherwise asserts a claim or set-off against Design-Builder, the party determined to be responsible for the breach either by settlement or by the trier of fact shall be responsible for all costs occasioned by the breach, including counsel and litigation costs.

15. After execution and during the performance of the Design Agreement, SAIC's legal status changed. On information and belief, Leidos was the successor to SAIC, and Benham acquired certain design assets of Leidos, including, but not limited to, certain obligations under the Design Agreement. Further, employees from both Leidos and Benham performed the Design Services.

3

16. On or about February 10, 2014, Ross Group and SNB executed a Subcontract Agreement ("Subcontract") for the performance of all plumbing, HVAC, and controls system on the Project ("Work").

17. Under the Subcontract, SNB agreed to be bound to Ross Group to the same extent Ross Group was bound to the Owner. Further, SNB agreed that its Work on the Project would fully comply with the Contract Documents for the Project, and meet with the "approval and acceptance of the Contractor, the Architect/Engineer or other representative or agent of the Owner designed in the Contract Documents."

18. Additionally, under the Subcontract, SNB agreed to indemnify and hold Ross Group harmless from any and all claims, losses, injuries, demands, actions, judgment, damages, costs, and expenses of every kind (including attorney, consultant, expert fees) arising out of or any way related to SNB's Work under the Subcontract, any act or omission of SNB, breach of the Subcontract, or any act or omission of SNB.

19. After acceptance of the Project, the Government revoked its acceptance and later issued an Affirmative Claim against the Ross Group, wherein it alleged that the design and construction of the HVAC system was defective and failed to comply with the Contract Documents for the Project. The Government's Claim related solely to breaches of the Design Agreement and Subcontract by Leidos, Benham, and SNB, and their negligence. As a result, the Government sought damages from the Ross Group in the amount of $2,750,719, plus Ross Group's final payment under the Contract, for a total amount of $2,840,762.15.

20. In an ongoing effort to remedy the issues being raised by the Government, Leidos and Benham continued performing services under the Design Agreement until August 2020 in connection with the Project.

4

21. Ross Group appealed this decision to the Armed Services Board of Contract Appeals ASCBA Nos. 62064/62749 ("Appeal"). Despite oral and written demands for the same, Leidos, Benham and SNB refused and failed to defend, indemnify, or assist Ross Group whatsoever in the Appeal.

22. Despite Defendants' breaches of contract and negligence, Ross Group ultimately was able to secure a favorable settlement of the Appeal, specifically, a $430,000 payment, or approximately 15% of the Government's Claim, but in the process also incurred approximately $204,352.13 in attorneys' fees, costs, consultant fees, and other fees and expenses, which continue to accrue.

23. Due to Leidos, Benham and SNB's breaches of the Design Agreement and Subcontract and their negligence, Ross Group incurred damages in excess of $634,352.13.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT: LEIDOS AND BENHAM

24. Ross Group hereby adopts and restates the allegations set forth in paragraphs 1-23 above as though fully set forth herein.

25. On information and belief, Ross Group, Leidos, and Benham are parties to, or responsible to each other under, the Design Agreement

26. Leidos and Benham breached the Design Agreement and Contract Documents by including, but not limited to, failing to: perform the Design Services in "care and skill ordinarily used by members of the design profession practicing under similar conditions at the same time and locality of the Project", perform in accordance with the Contract Documents and to meet the performance standards set forth therein, and fulfill the obligations of the Contract Documents, including without limitation, the Responsibility of the Contractor for Design, Warranty of Design, and RFP Design and Technical Criteria Compliance.

27. Leidos and Benham further breached the Agreement by failing to indemnify and hold Ross Group harmless for all the damages it incurred as a result of Leidos and Benham's breach of the Design Agreement and negligence. This breach includes, but is not limited to, Liedos' and Benham's failure to satisfy their requirements under Section 11.3.4 of the Design Agreement, under which, in any instance where the Owner asserts a claim or set-off against Ross Group, the party determined to be responsible for the breach either by settlement or by the trier of fact shall be responsible for its relative degree of fault.

28. Ross Group is entitled to judgment against Leidos and Benham, jointly and severally, for breach of contract in an amount in excess of $634,352.13, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT: SNB

29. Ross Group hereby adopt and restate the allegations set forth in paragraphs 1-28 above as though fully set forth herein.

30. Ross Group and SNB executed the Subcontract.

31. SNB breached the Agreement by, including, but not limited to, by failing to perform its Work in accordance with the Contract Documents and with the approval and acceptance of the Owner and Ross Group, and failing to comply with the Warranty of Construction provision in the Task Order, among others

32. SNB further breached the Agreement by failing to indemnify and hold harmless Ross Group for all the damages it has incurred due to SNB's breach of the Subcontract and its negligence.

33. Ross Group is entitled to judgment against SNB for breach of contract in an amount in excess of $634,352.13, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## THIRD CAUSE OF ACTION – PROFESSIONAL NEGLIGENCE: LEIDOS AND BENHAM

34. Ross Group hereby adopts and restates the allegations set forth in paragraphs 1-33 above as though fully set forth herein.

35. Leidos and Benham were negligent in the performance of the Design Services.

36. As a direct result of Leidos and Benham's negligence, Ross Group has incurred damages in an amount in excess of $634,352.13.

37. Ross Group is entitled to judgment against Leidos and Benham, jointly and severally, for professional negligence in an amount in excess of $634,352.13, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## FOURTH CAUSE OF ACTION – NEGLIGENCE: SNB

38. Ross Group hereby adopts and restates the allegations set forth in paragraphs 1-37 above as though fully set forth herein.

39. SNB was negligent in the performance of its Work under the Subcontract.

40. As a direct result of SNB's negligence, Ross Group has incurred damages in an amount in excess of $634,352.13.

41. Ross Group is entitled to judgment against SNB for professional negligence in an amount in excess of $634,352.13, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## FIFTH CAUSE OF ACTION – IMPLIED INDEMNIFICATION

42. Ross Group hereby adopts and restates the allegations set forth in paragraphs 1-41 above as though fully set forth herein.

43. Due to the relationship of the parties, Ross Group is entitled implied indemnification from Leidos, Benham, and SNB due their breaches of the Design Agreement,

Subcontract and negligence in the performance of Design Services and Work. Ross Group expressly seeks to carve out any damages that are found to be attributable to its own conduct under this claim, and also seeks to hold each respective defendant only to its pro rata share of fault.

44. Ross Group expressly denies any active fault under this claim; however, ultimately, the question of fault, if any, remains to be determined by the trier of fact.

45. As a result of said breaches of the Design Agreement, Subcontract, and concurrent negligence, Ross Group incurred damages in an amount in excess of $634,352.13.

46. Ross Group is entitled to judgment against Leidos, Benham, and/or SNB, , for implied indemnification in an amount in excess of $634,352.13, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## SIXTH CAUSE OF ACTION – CONTRIBUTION

47. Ross Group hereby adopts and restates the allegations set forth in paragraphs 1-46 above as though fully set forth herein.

48. As a result of the Government's Claim, Ross Group ultimately reached a settlement with the Government in the amount of $430,000, or approximately 15% of the Government's Claim. Ross Group incurred approximately $204,352.13 in attorney's fees, costs, consultant fees, and other fees and expenses, which continue to accrue.

49. Ross Group denies all fault for the Government's Claim. Thus, Ross Group has settled in the amount of and paid more than its pro rata share for the common liability between Leidos, Benham and SNB Ross Group therefore seeks to recover any amount it has paid to the Government which is found to be in excess of its pro rata share.

50. Ross Group is entitled to judgment against Leidos, Benham, and/or SNB, for contribution in an amount in excess of $634,352.13, plus prejudgment and post-judgment interest, costs, and attorneys' fees.

## PRAYER

WHEREFORE, Plaintiff, The Ross Group Construction Corporation, respectfully pray for the entry of judgment in its favor and against Leidos Engineering, LLC, Benham Design, LLC d/b/a Benham, a Haskell Company, and SNB Mechanical Contractors, Inc. as follows:

(a) judgment against Leidos Engineering, LLC and Benham Design, LLC d/b/a Benham, a Haskell Company, jointly and severally, on its breach of contract, professional negligence, implied indemnification and contribution claims in an amount in excess of $634,352.13;

(b) judgment against SNB Mechanical Contractors, Inc. on its breach of contract, negligence, implied indemnification and contribution claims in an amount in excess of $634,352.13;

(c) prejudgment and post-judgment interest, attorneys' fees and costs; and

(d) such other and further relief as the Court deems just and equitable.

Respectfully submitted,

BARROW & GRIMM, P.C.

By: _____
John E. Harper, Jr., OBA No. 17390
Timothy L. Rogers, OBA No. 22292
110 West 7th Street, Suite 900
Tulsa, OK  74119-1044
(918) 584-1600
(918) 585-2444 (Fax)
harper@barrowgrimm.com
rogers@barrowgrimm.com

*Attorneys for Plaintiff, The Ross Group Construction Corporation*